Elmer R. BARBEE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 230–86C.

United States Claims Court.

March 3, 1988.

Elmer R. Barbee, pro se.

John S. Groat, with whom were Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant.

---

## OPINION

SMITH, Chief Judge.

This case comes before the court on plaintiff's request for judicial review of an administrative decision by the Adjutant General of the North Carolina Army National Guard. Plaintiff's complaint alleges wrongful termination based on both substantive and procedural grounds. The Government has not responded by way of answer but has moved for dismissal of plaintiff's complaint for lack of jurisdiction.

### Facts

Plaintiff, Elmer R. Barbee, was a pilot with the North Carolina Army Aviation Facility from 1973 to 1980. Plaintiff's difficulties arose with the North Carolina Army National Guard when his first level and second level supervisors refused to reissue his flight clearance. This flight clearance was an essential condition of his employment.

On October 16, 1979, plaintiff appealed his supervisors' refusal to the Adjutant General. The Adjutant General determined that although plaintiff's general allegations had some merit, they were insufficient to overturn his supervisors' decision. On February 22, 1980, plaintiff's first level supervisor sought plaintiff's removal. The Adjutant General sustained the action, and on April 11, 1980, plaintiff was officially discharged.

On April 7, 1986, plaintiff filed a complaint with this court for damages in the amount of 1.5 million dollars in which he alleged several violations of his rights. First, plaintiff contends that the required procedures followed under the Technician Personnel Pamphlet, which were designed for his protection, constituted nothing but a pro forma undertaking since his supervisors were intent on his removal regardless of what those procedures revealed. Plaintiff secondly contends that his first level supervisor downgraded his performance ratings and proposed his removal as retaliation for plaintiff's appeal of that supervisor's decision not to reissue his flight clearance. Plaintiff's third contention pertains to the Adjutant General's alleged bias against plaintiff. Plaintiff's fourth contention is that the Adjutant General's suggestion to plaintiff that he seek psychiatric counseling on his own initiative was in violation of the Rehabilitation Act of 1973. Plaintiff's last contention is that his civil rights were infringed because of an alleged conspiracy between the Adjutant General and his supervisors.

### Discussion

In plaintiff's complaint, in which he requested damages in the amount of 1.5 million dollars, he failed to specifically allocate the damages amongst his separate claims. However, it is not possible that the total 1.5 million dollars of damages sought can relate exclusively to the back pay claim since plaintiff earned a step 4, GS–12 salary, and the time period in question only dates back to 1980. Therefore, this court can readily assume that some portion of plaintiff's 1.5 million dollar claim relates to the other contentions plaintiff raises in his complaint.

Plaintiff's claims, other than the back pay claim, are clearly not within this court's jurisdiction. These claims are based on allegations of tortious conduct, violations of due process and other civil rights, and violations of statutory law.

It is clear that private parties cannot bring an action before the Claims Court sounding in tort. *E.g., Shanbaum v. United States,* 1 Cl.Ct. 177, 197 n. 3 (1982), *aff'd without op.,* 723 F.2d 69 (Fed.Cir.1983); *McClary v. United States,* 775 F.2d 280, 282 (Fed.Cir.1985). Yet, this is not to say that an action is beyond the bounds of this court "simply because elements of tort are present in the claim." *Burtt v. United States,* 176 Ct.Cl. 310, 314 (1966) (per curiam). For example, this court has jurisdiction over takings claims under the Fifth Amendment, *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974), even though those cases may entail the tortious element of trespass. *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982) (takings claim arising from a law requiring a landlord to provide access to cable television workers). The court may additionally re-

view actions involving elements of tort where the action may be brought as a breach of contract, *Gregory Lumber Co. v. United States*, 9 Cl.Ct. 503 (1986), or where the action involves elements of tort that give rise to a claim based upon a contract implied-in-fact. *See Kirkendall v. United States*, 90 Ct.Cl. 606, 31 F.Supp. 766 (1940) (plaintiff has a right to a refund of its money wrongfully taken and applied to a third party's taxes). Nevertheless, even though some tortious conduct can be brought before the court as discussed above, plaintiff's tort claims cannot be construed so as to provide this court with jurisdiction since they do not raise contractual, constitutional or statutory claims over which we do have jurisdiction.

 Plaintiff's constitutional claims must also be dismissed. While this court, like all federal courts, is a guardian of the due process clause, it does so in different contexts. *See e.g., Carruth v. United States*, 224 Ct.Cl. 422, 627 F.2d 1068, 1081; *Walton v. United States*, 213 Ct.Cl. 755 (1977) (per curiam). Plaintiff's civil rights claims arise from statutory law, but those claims are, nevertheless, outside of this court's jurisdiction as well. *E.g., Alabama Hospital Assoc. v. United States*, 228 Ct.Cl. 176, 656 F.2d 606, *cert. denied*, 496 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982). *Williams v. United States*, 212 Ct.Cl. 544, 546 F.2d 431 (1976).

As for plaintiff's allegations relating to statutory violations of 5 U.S.C. §§ 702, 2302(b)(9), 4302, 7511 (1982), and of 29 U.S.C. § 791 (1982), plaintiff should be reminded that not every statutory claim gives rise to money damages unless the statute "in itself ... can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 403, 96 S.Ct. 948, 955, 47 L.Ed.2d 114 (1976) (quoting *Eastport S.S. Corp. v. United States*, 178 Ct.Cl., at 599, 607, 372 F.2d, 1002, 1008–1009) (1967)). None of the statutes raised by plaintiff can be interpreted to mandate compensation.

 Plaintiff's main claim is for back pay. *See generally* 5 U.S.C. § 5596 (1982).

Most such claims are normally brought before the Merit Systems Protection Board, but plaintiff, an excepted service employee, came before this court because the Merit System Protection Board had no jurisdiction over plaintiff's appeal. *See* 5 U.S.C. § 7511(a)(1) (1982) (employees covered under 5 U.S.C. §§ 7511–14); 5 U.S.C. § 7513 (1982) (employee appeals from adverse agency action come before the Merit Systems Protection Board); 5 U.S.C. § 2103 (1982) (defining the meaning of an excepted service employee). Now, however, in light of the recent Supreme Court decision in *United States v. Fausto*, ⸺ U.S. ⸺, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), it is clear that the Claims Court also lacks jurisdiction to review plaintiff's appeal for back pay. This court lacks jurisdiction even though plaintiff has no alternate remedies available. Speaking to this exact point in *Fausto*, the Court noted of the Civil Service Reform Act:

> In the context of the entire statutory scheme, we think it displays a clear congressional intent to deny the excluded employees the protections of Chapter 75 —including judicial review—for personnel action covered by that chapter. *Id.* at 673.

Consequently, the sole remedy provided to plaintiff from the alleged administrative violations by his first and second level supervisors, was his appeal to the Adjutant General. With that appeal having failed, plaintiff has no alternative but to end his course of litigation.

### Conclusion

For the above reasons, this court finds that it lacks jurisdiction to hear plaintiff's claims. Accordingly, defendant's motion for dismissal is granted, and the Clerk is directed to dismiss plaintiff's complaint.

IT IS SO ORDERED.

No costs.