NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ANTONIO COLBERT,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2014-5029

_____

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00918-FMA, Judge Francis M. Allegra.

_____

Decided:  May 18, 2015

_____

ANTONIO COLBERT, Washington, DC, pro se.

GREGG PARIS YATES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

_____

PER CURIAM.

Before the court is an appeal from a judgment of the United States Court of Federal Claims ("CFC") in *Antonio Colbert v. United States*, No. 13-918, and a series of motions filed by appellant Antonio Colbert in connection with that appeal. For the reasons explained below, the CFC's judgment dismissing Colbert's complaint for damages pursuant to 42 U.S.C. § 1985 (2012) for lack of subject matter jurisdiction is *affirmed*, and Colbert's various motions are *denied*.

## BACKGROUND

We turn first to the appeal before us. Before attempting to invoke the jurisdiction of the CFC, Colbert filed numerous lawsuits in the United States District Court for the District of Columbia. Between July 2010 and December 2011, Colbert filed 49 cases in the district court, most of which did not survive the court's initial screening process. In response to Colbert's frequent filings, the district court ruled that Colbert "abused the privilege of proceeding [in forma pauperis]." *Colbert v. Cincinnati Police Dep't*, 867 F. Supp. 2d 34, 37 (D.D.C. 2011). The court later enjoined Colbert from proceeding in forma pauperis in that court. Order, *Colbert v. Cincinnati Police Dep't*, No. 11-cv-2250 (D.D.C. filed Feb. 21, 2012).

On July 23, 2013, Colbert filed an action in the district court which was dismissed sua sponte based on its earlier orders. *See* Order, *Colbert v. Superior Court of the D.C.*, No. 13-cv-1137 (D.D.C. filed July 23, 2013).

On November 21, 2013, Colbert filed a complaint in the Court of Federal Claims alleging that the "District Court of [the District of] Columbia" violated his rights pursuant to 42 U.S.C. § 1985 by preventing him from "docket[ing] his claims." Complaint, *Colbert v. United States*, No. 13-918 (Fed. Cl. filed Nov. 21, 2013).

Six days later, the CFC dismissed Colbert's complaint sua sponte, finding that it did not possess subject matter jurisdiction to entertain a claim for damages pursuant to 42 U.S.C. § 1985, a statute which relates to conspiracies to interfere with civil rights. Opinion, *Colbert v. United States,* No. 13-918 (Fed. Cl. Nov. 27, 2013). Specifically, the CFC relied upon longstanding case law for the proposition that federal court "jurisdiction for civil rights claims lies exclusively in the district courts." *Id.* at 2.[1] This appeal followed.

## COLBERT'S APPEAL

This court reviews the CFC's dismissal of a matter pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") de novo. *Northrop Grumman Info. Tech., Inc. v. United States*, 535 F.3d 1339, 1343 (Fed. Cir. 2008); *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004) (citing *Leider v. United States*, 301 F.3d 1290, 1295 (Fed. Cir. 2002)). Whether Tucker Act jurisdiction exists for an action filed in the CFC is a question of law that this court reviews without deference. *Metz v. United States*, 466 F.3d 991, 996 (Fed. Cir. 2006). A pro se litigant's complaint is held to a less stringent standard than formal pleadings filed by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The

---

[1] Section 1343(a) of Title 28 of the United States Code confers jurisdiction over § 1985 actions on the district courts. For decades, the CFC and its predecessors have consistently held that § 1985 and similar civil rights actions may not be brought under the Tucker Act, and this court has consistently affirmed those holdings. *See, e.g.*, *Gant v. United States,* 63 Fed. Cl. 311, 316 (2004), aff'd, 417 F.3d 1328 (Fed. Cir. 2004); *Anderson v. United States*, 22 Cl. Ct. 178, 179 n.2 (1990), aff'd, 937 F.2d 623 (Fed. Cir. 1991); *Rogers v. United States*, 14 Cl. Ct. 39, 50 (1987), aff'd, 861 F.2d 729 (1998).

lenient pleading standards afforded to a pro se plaintiff are not so lenient that they may forgive the failure to state a claim that falls within the court's jurisdiction, however. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements. *Kelley v. Sec'y. U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

On appeal, Colbert makes several arguments, none of which address directly the CFC's jurisdictional ruling. First, Colbert contends that the CFC failed to take into account that he filed his action as an "indigent"—i.e., in forma pauperis. Appellant Informal Br. at 1. The CFC expressly acknowledged that fact in its order, however. It is, moreover, a fact which, as noted above, does not absolve Colbert from the obligation to assert a claim within the subject matter jurisdiction of the CFC.

Second, Colbert asserts that there was "misconduct" by the "Clerk's Office." While it is unclear which clerk's office—the clerk's office in the CFC or the clerk's office of the district court—to which he refers, neither allegation would alter our scope of review of the judgment before us. Colbert directs us to 18 U.S.C. § 1512 which makes it a crime to tamper with a "witness, victim, or an informant." To the extent Colbert claims the clerk's office at the CFC engaged in criminal misconduct in their dealings with him, this court has no authority to engage in a criminal investigation of that office. To the extent Colbert claims he could assert criminal claims against the clerk's office at the district court, the CFC was similarly without authority to conduct a criminal investigation or inquiry, and Colbert himself lacks the authority to institute one.

To the extent, moreover, that Colbert's CFC complaint was intended to seek collateral review of the order of the district court dismissing his complaint there, the CFC also does not possess jurisdiction to review such an order.

*Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (granting summary affirmance of Court of Federal Claims order dismissing complaint that alleged that an order by the United States District Court for the Western District of Louisiana violated appellant's Fifth Amendment rights). The CFC may not substantively review the wisdom of earlier district court orders.

Ultimately, Colbert offers nothing in his brief before this court which draws into question the propriety of the CFC's judgment in this matter. Accordingly, we affirm the judgment of the Court of Federal Claims and dismiss Colbert's appeal.

MOTIONS FILED IN THIS APPEAL

Colbert's motions, at docket entries 26, 29, 30, and 31 also are denied. While Colbert is not very clear about the grounds for his motions, it is clear that one thing he seeks is monetary relief from this court, the CFC, or both. He first contends he is entitled to "attorney/witness/litigation" fees. While Colbert is entitled to proceed pro se in this appeal, he is not entitled to have counsel appointed for him in this civil appeal. *See Lariscey v. United States*, 861 F.2d 1267, 1270–71 (Fed. Cir. 1988) ("In civil proceedings . . . the right to counsel is highly circumscribed, and has been authorized in exceedingly restricted circumstances."). If that is the relief Colbert seeks, accordingly, we decline to afford it to him. If Colbert is seeking litigation costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in connection with his action before the CFC, such costs are unavailable because he was not the "prevailing party" at the trial court level and has not prevailed on his appeal. The EAJA makes clear that prevailing party status is a prerequisite to recovery of attorneys' fees and costs. *Id.*

Colbert also apparently would like this court—via a writ of mandamus—to order the CFC to allow Colbert to amend his complaint in order to assert a claim for "crime

victim's compensation" in connection with an assault upon him. This court has no authority to do that however, regardless of the procedural vehicle invoked. "The scope of the issues presented to [the] court on appeal must be measured by the scope of the judgment appealed from, not the arguments advanced by the appellant." *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999) (citation omitted). Because Colbert did not include his claim for "crime victim's compensation" in his complaint before the CFC, Colbert is not free to raise it for the first time on appeal.

Indeed, it appears that Colbert may have already litigated his claim for "crime victim's compensation," as he filed a complaint in the CFC for "crime victim's compensation" on January 24, 2014, after he filed the complaint in the action before us in this appeal. Complaint, *Colbert v. United States*, No. 14-0062 (Fed. Cl. Jan. 24, 2014). The complaint was dismissed pursuant to RCFC 12(h)(3) for lack of subject-matter jurisdiction. Judgment, *Colbert v. United States*, No. 14-0062 (Fed. Cl. Apr. 3, 2014). The CFC then denied a motion to reconsider that dismissal on May 22, 2014. Order, *Colbert v. United States*, No. 14-0062 (Fed. Cl. May 22, 2014). Colbert did not appeal the judgment of the CFC in case no. 14-0062. Having failed to appeal the trial court's judgment in that case, Colbert's claim—if it is the same he asserted previously—is barred by principles of res judicata. *See Federated Dep't Stores v. Motie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," even if "the judgment may have been wrong or rested on a legal principles subsequently overruled in another case.").

Colbert's final request appears in a "brief assisting [his] memorandum," in which Colbert seeks to add additional issues to this appeal. Colbert invokes the Fourteenth Amendment and indicates that he wishes to have

certain police officers charged with police brutality. Appellant Mot. for Leave of the Court/"Brief Assisting My Memorandum" at 1. Colbert also alleges that the District of Columbia Superior Court was involved in a criminal conspiracy, and that the Harris Teeter supermarket chain and one or more McDonalds' restaurants engaged in "criminal mischief." *Id.* To the extent Colbert's motion seeks to add issues to this appeal, it also must be denied because those issues fall outside of the scope of the judgment of the CFC appealed here. *Engel Indus.*, 166 F.3d at 1383.

CONCLUSION

For the above reasons, the judgment of the Court of Federal Claims at issue in this appeal is affirmed, appellant's motions filed in connection with this appeal are denied, and the appeal is dismissed.[2]

**AFFIRMED**

---

[2] To the extent Colbert's filings seek personal meetings with the Clerk of this court, those requests are denied as well. The Clerk lacks the authority to review or hear submissions of evidence or argument and is under no obligation to conduct in person meetings with litigants.