937 F.2d 623
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Glenn Franklin ANDERSON, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5051.
 United States Court of Appeals, Federal Circuit.
 June 13, 1991.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 This case is an appeal from the December 14, 1990, order of the United States Claims Court dismissing appellant's claim for lack of jurisdiction. Anderson v. United States, 22 Cl.Ct. 178 (1990). We affirm the court's dismissal.
 
 OPINION
 
 2
 Appellant entered the Air Force in 1968 and served until 1980 when his term of service expired. On August 18, 1980, he enlisted for four more years. On March 20, 1984, appellant filed an election to reenlist with the Air Force following his termination of service. However, by May 1984, appellant was having difficulty meeting the performance standards of his grade and experience levels, and on May 11, 1984, the Air Force, under Air Force Regulation 35-32, paragraph 15, placed him on the "control" roster in order to monitor and improve his performance.
 
 
 3
 Appellant filed a grievance with his Commander on August 11, 1984, arguing that such placement jeopardized his reenlistment eligibility. His Commander responded to the grievance by stating that appellant's performance had been unsatisfactory and that the placement was proper.
 
 
 4
 The term of enlistment expired on August 17, 1984, at which time appellant was separated from the Air Force with an honorable discharge. On October 15, 1986, appellant applied to the Air Force Board for the Correction of Military Records to be reinstated to active duty with all privileges, pay, and allowances from the time of discharge. The Board denied his application for relief on June 16, 1988; it found that no probable error or injustice had been committed. Appellant filed four requests for reconsideration with the Board, all of which were denied, the last one occurring on July 14, 1989.
 
 
 5
 Appellant then filed a complaint in the Claims Court seeking reinstatement to active duty, back pay, allowances, and damages on the ground that the Air Force improperly refused to reenlist him after the expiration of his term of enlistment. The government moved for dismissal on the ground that the Claims Court lacked jurisdiction over appellant's claim.
 
 
 6
 The Claims Court concluded that appellant had no statutory or other right to reenlist and therefore that he could not recover from the government under the Tucker Act, 28 U.S.C. Sec. 1491 (1988), for back pay and allowances. It concluded that it lacked jurisdiction to consider appellant's claim and granted the government's motion to dismiss. This appeal followed.
 
 
 7
 Whether the Claims Court has jurisdiction over appellant's claim is a question of law, which we review de novo. Frank's Livestock & Poultry Farm, Inc. v. United States, 905 F.2d 1515, 1517 (Fed.Cir.1990). So is the question whether appellant is entitled to the relief he seeks.
 
 
 8
 We conclude that the Claims Court did have jurisdiction to hear this case, but that appellant had no right to reenlist. We therefore affirm the court's decision.
 
 
 9
 This case was brought under 28 U.S.C. Sec. 1491(a)(1) (1988), which provides that:
 
 
 10
 The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department
 
 
 11
 .............................................................
 
 
 12
 ...................
 
 
 13
 * * *
 
 
 14
 Since appellant's claim is founded upon an alleged improper application of Air Force regulations and statutory provisions, the Claims Court does have jurisdiction over it. In its opinion, the Claims Court itself noted that, under 28 U.S.C. Sec. 1491, it "has jurisdiction in military pay cases seeking reinstatement, back pay and allowances."
 
 
 15
 Surely, the court could not understand that it has jurisdiction to hear a case only if a claimant has a meritorious claim, but has no jurisdiction if the claim has no merit. If it has jurisdiction, as it does here, it does so regardless of the result of any decision on the merits.
 
 
 16
 However, linguistic quibbles aside, appellant has no right to the relief that he seeks. As the Claims Court noted, appellant was placed on the control roster because of his inadequate duty performance; he had received ratings of 7 on his previous two airman performance reports, which placed him in the bottom one percent for all Air Force Master Sergeants. These ratings followed occasions when appellant's presence on duty as line chief could not be established, and when he left 100 aircraft unattended during a hail storm, while he departed the flight line to assist a friend cover and protect his personal automobile. We agree that the Air Force had a justifiable basis for placing appellant on the control roster.
 
 
 17
 Following placement on the control roster, appellant had other shortcomings. He violated grooming standards, was derelict in the performance of assigned duties, refused to perform assigned duties, and missed a scheduled appointment. Based on appellant's performance and behavior, his commander denied his reenlistment application.
 
 
 18
 Appellant argues that the Claims Court erred in concluding that since appellant was on the control roster at the time of the expiration of his service, he was ineligible for consideration for reenlistment under the Selective Reenlistment Program. We disagree. Air Force Regulation 35-16, Paragraph 4-3 states that:
 
 
 19
 If an airman is ineligible to reenlist according to table 6-2 and (or) table 6-4 at the time SRP [Selective Reenlistment Program] consideration is due, he or she WILL NOT be considered under the SRP until the ineligibility condition is resolved....
 
 
 20
 The Claims Court found that appellant's status on the control roster excluded him, according to the above-mentioned tables, from SRP consideration. Appellant has not demonstrated that this ruling was in error.
 
 
 21
 Regardless whether SRP consideration is appropriate, an airman has no right to reenlistment. Section 508(b) of Title 10 states that:
 
 
 22
 A person discharged from a Regular component may be reenlisted in the ... Regular Air Force ... under such regulations as the Secretary concerned may prescribe.
 
 
 23
 10 U.S.C. Sec. 508(b) (1988) (emphasis added). Thus, this section gives broad discretionary authority to the Air Force to make decisions concerning reenlistments.
 
 
 24
 The Air Force Regulation that governs reenlistment states that:
 
 
 25
 Reenlistment in the United States Air Force is an honor and a privilege, not a guaranteed right or entitlement. The Secretary of the Air Force may permit or deny the reenlistment of Air Force enlisted members....
 
 AFR 35-16, p 6-1. As stated by this court:
 
 26
 No one has an individual right, constitutional or otherwise, to enlist [or reenlist] in the armed forces, the composition of those forces being within the purview of the Congress and the military.
 
 
 27
 Maier v. Orr, 754 F.2d 973, 980, 983 (Fed.Cir.1985) (citing Gilligan v. Morgan, 413 U.S. 1, 6 (1973)); see also Orloff v. Willoughby, 345 U.S. 83, 93 (1953) ("judges are not given the task of running the Army"). As the Supreme Court stated:
 
 
 28
 one is not entitled to the benefit of a position [i.e., back pay and reinstatement if an improper removal occurred] until he has been duly appointed to it.
 
 
 29
 United States v. Testan, 424 U.S. 392 (1976).
 
 
 30
 In view of the statute, the Air Force's regulation, and prior case law, appellant had no legal right to reenlistment. His performance shortcomings make clear why the Air Force chose not to accept him. It was the Air Force's right to exercise that discretion.
 
 
 31
 In view of the above, the Claims Court did not err in dismissing appellant's claim for relief under the Tucker Act.