No. 92–7944. POYNER *v.* MURRAY, DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS, ET AL. C. A. 4th Cir. Certiorari denied.

Opinion of JUSTICE SOUTER, with whom JUSTICE BLACKMUN and JUSTICE STEVENS join, respecting the denial of the petition for writ of certiorari.

Syvasky Poyner, an inmate sentenced to die in Virginia's electric chair, brought this case as a class action under 42 U. S. C. § 1983 and the Eighth Amendment, challenging Virginia's use of electrocution as a method of executing people sentenced to death. Before filing this suit, he had already brought a petition for federal habeas corpus, on which relief was denied by the District Court: The Court of Appeals affirmed, *Poyner* v. *Murray,* 964 F.

2d 1404 (CA4), and this Court denied certiorari, 506 U. S. 958 (1992).

On the day this action was begun, the District Court orally certified a class of all present and future Virginia capital murderers. See Brief in Opposition 4. The following month, Poyner filed discovery requests seeking to videotape the execution of another inmate, Charles Stamper, to videotape the routine pre-electrocution testing of the electric chair at Virginia's Greensville Correctional Center, and to permit a neuropathologist to observe Stamper's autopsy and collect samples of the executed inmate's brain tissue after it was removed and sectioned by the State's pathologist. At that time, the State's motion to dismiss was pending in the District Court.

The District Court denied the motion to tape the execution, but granted Poyner's two other requests. The State appealed, and the Court of Appeals for the Fourth Circuit not only reversed the District Court's order, but without briefs or arguments remanded with instructions to dismiss the underlying action with prejudice. It is from this order that certiorari was sought in the instant petition.

Subsequent to the Fourth Circuit's action, Poyner's own execution was scheduled. On March 18, 1993, this Court denied his application for stay of execution of his sentence of death, *Poyner* v. *Murray*, 507 U. S. 981, and he was executed. The Court did not, however, act on the petition for certiorari, which seeks review on behalf of the entire class. The Court denies their petition today.

I write separately to note that, because of the procedure used by the Court of Appeals, the members of the class will not be precluded by the Court of Appeals's judgment from bringing another action in the District Court raising the same constitutional challenge presented in this case, if they so desire. To begin with, it is clear that the Court of Appeals acted in this case without subject-matter jurisdiction. The only arguable basis for jurisdiction over the appeal from the District Court's interlocutory order at issue here was 28 U. S. C. § 1292(a)(1). However, under a long line of authority the underlying discovery order of the District Court was not appealable as an injunction, because it did not provide "'some or all of the substantive relief sought by [the] complaint' in more than preliminary fashion." 16 C. Wright, A.

Miller, E. Cooper, & E. Gressman, Federal Practice and Procedure § 3922, pp. 29–30 (1977).

More important, petitioners were not provided the "full and fair opportunity to litigate" the case below that is a prerequisite to application of principles of res judicata. *Montana* v. *United States*, 440 U. S. 147, 153 (1979); accord, *Blonder-Tongue Laboratories, Inc.* v. *University of Ill. Foundation*, 402 U. S. 313, 329 (1971). (In this regard, I hardly need observe that the Court's action on the petition for certiorari today does not act as a disposition on the merits.)

Of course I do not mean to imply any opinion about other procedural defenses to which any such further action may be subject, or about its underlying merits, beyond the suggestion conveyed by my separate writing that the claim should not be foreclosed. The Court has not spoken squarely on the underlying issue since *In re Kemmler*, 136 U. S. 436 (1890), and the holding of that case does not constitute a dispositive response to litigation of the issue in light of modern knowledge about the method of execution in question.