**Glenn Franklin ANDERSON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 99–712 C.**

United States Court of Federal Claims.

May 31, 2000.

---

Glenn Franklin Anderson, Sealy, Texas, pro se.

E. Michael Chiaparas, United States Department of Justice, Washington, D.C., for defendant, with whom were Acting Assistant Attorney General David W. Ogden, Director David M. Cohen, Assistant Director Bryant G. Snee, and Capt. Dina L. Bernstein, Air Force Legal Services.

## ORDER

MOODY R. TIDWELL, III, Senior Judge.

This military pay case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to the Rules of the Court of Federal Claims (RCFC) 12(b)(1), and for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(4). Plaintiff, acting pro se, seeks money damages, injunctive relief, and declaratory relief. For the reasons set forth below, the court *ALLOWS* defendant's motion to dismiss and *ALLOWS* defendant's motion for sanctions.

## BACKGROUND

### 1. Facts

The following facts are undisputed for the purpose of this motion, unless otherwise noted. Plaintiff, Glenn Franklin Anderson, entered active duty service in the United States Air Force on July 25, 1968. A few years after entering the service, Mr. Anderson was certified for the Air Force Personal Reliability Program, a requirement for his job.

On March 19, 1982, plaintiff's commander imposed nonjudicial punishment against Mr. Anderson, pursuant to Article 15, Uniform Code of Military Justice (UCMJ), for operating a vehicle while drunk and being incapacitated for the proper performance of his duties. Plaintiff was reduced in grade to technical sergeant and forfeited $440.00 of his pay for two months. Mr. Anderson did not appeal this action. On November 09, 1982, plaintiff was permanently decertified from his Personal Reliability Program duties based on his diagnosis as a problem drinker.

As expiration of plaintiff's term of service (ETS) was drawing near, Mr. Anderson filed an election to reenlist in the Air Force. A few months later, on May 11, 1984, Mr. Anderson was placed on the Control Roster

because his duty performance did not meet the standards expected of a senior noncommissioned officer (NCO) and supervisor. Pursuant to Air Force Regulation (AFR) 35–32, ¶ 15, the purpose of the Control Roster was to provide Commanders a tool to help observe, evaluate, and rehabilitate soldiers whose conduct, behavior or daily performance required special attention.

Due to the fact that Mr. Anderson was still on the Control Roster at the time of his ETS, he assumed a status of reenlistment ineligibility. Consequently, plaintiff was honorably discharged, on August 17, 1984, in the rank of Master Sergeant, under the provisions of AFR 39–10 (Expiration of Term of Service) and issued a Reenlistment Eligibility code of 41 (Serving on Control Roster).

After several attempts at litigating his grievances concerning his separation,[1] plaintiff filed the amended complaint at bar, on September 20, 1999. Defendant responded by filing a motion to dismiss on November 15, 1999, and a motion for sanctions on December 27, 1999. The motion to dismiss was made pursuant to RCFC 12(b)(1), for lack of subject matter jurisdiction, and RCFC 12(b)(4), for failure to state a claim upon which relief may be granted. More specifically, defendant contends that the claim is barred by the statute of limitations and by res judicata. The government additionally seeks the imposition of sanctions upon plaintiff, issued pursuant to RCFC 11, directing the clerk of the court from accepting any other filings for this or any other related cases from plaintiff.

## DISCUSSION

### I. Statute of Limitations

■ In general, this court is statutorily barred from hearing claims which are filed beyond six years of an action's first accruement. 28 U.S.C. § 2501 (1994); *see also*

*Farrell v. United States,* 9 Cl.Ct. 757, 758–59 (1986). A claim first accrues "when all the events which fix the government's alleged liability have occurred *and* the plaintiff was or should have been aware of their existence." *See Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1577 (Fed. Cir.1988).

In the instant case, Mr. Anderson's time began to run on the day he was discharged, August 17, 1984. Plaintiff claims that he was wrongfully discharged by the United States Air Force and, consequently, was made or should have been made aware of the government's alleged liability as of that date. Given the fact that the case at bar was filed more than fifteen years after the first accrual of the action, the six year statute of limitation has more than elapsed.

Plaintiff argues, however, that the statute of limitations should be equitably tolled pursuant to 10 U.S.C. § 1553 (1998). The Supreme Court has extended the doctrine of equitable tolling to apply, in the same manner, to the United States government, as it does against private civil defendants. *See Irwin v. Veterans Affairs, et al.,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Federal courts have customarily used the tool of equitable tolling sparingly. *See id.* For instance, the doctrine has been extended to circumstances "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period ... or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *See id. (citation omitted ).* Plaintiff contends that he has both actively pursued his judicial remedies by filing a defective pleading during the statutory period, and has been induced or tricked by the government's misconduct into allowing the filing deadline to pass.

---

1. *Anderson v. United States Airforce,* 95–20660, 84 F.3d 433 (5th Cir.1996), *affirming* No. CA–H–95–679 (S.D.Tex. July 10, 1995); *Anderson v. Department of the Air Force,* 94–20024, 33 F.3d 1380 (Aug. 19, 1994 5th Cir.1994), *affirming* No. CA–H–93–1631 (S.D.Tex. Oct. 4, 1993); *Anderson v. United States Air Force,* No. 92–7112, 971 F.2d 748 (5th Cir. Aug. 4, 1992), *affirming*

No. CA–H–91–519 (S.D.Tex. Sept. 13, 1991); *Anderson v. United States,* 937 F.2d 623 (Fed.Cir. 1991), *affirming,* 22 Cl.Ct. 178 (1990); *Anderson v. United States Air Force,* No. CA–H–97–3998 (S.D.Tex. July 2, 1998); *Anderson v. United States Air Force,* No. CA–H–89–2754 (S.D.Tex. Apr. 26, 1990).

■ Both of these contentions are baseless and the court finds no misconduct, intentional or otherwise, on the part of defendant. Mr. Anderson filed a claim against defendant in the United States District Court for the Southern District of Texas, Houston Division, on August 16, 1989, and an amended complaint on July 3, 1990, and again on August 20, 1990. Plaintiff alleged that he was wrongfully denied reenlistment in violation of the United States Constitution and various Air Force regulations, and sought reinstatement, back pay, allowances and the restoration of all privileges. *See Anderson v. United States,* No. H–89–2754 (1990).

The district court, thereafter, determined it lacked jurisdiction to hear the claims and transferred the case to the United States Claims Court. *See id.* The Claims Court then dismissed plaintiff's claims for lack of jurisdiction. *See Anderson v. United States,* 22 Cl.Ct. 178, 181 & 183 (1990) (court found it lacked jurisdiction to direct the Air Force to reenlist plaintiff because there were no statutory or regulatory mandates authorizing it to do so). Upon review, the Court of Appeals for the Federal Circuit upheld the dismissal, however disagreed with the lower court's basis. *See Anderson v. United States,* No. 91–5051, 937 F.2d 623, 1991 WL 100830 at *3 (1991) (appellate court held that the Claims Court did in fact have jurisdiction to hear the claim; nonetheless, the appellate court found that plaintiff had no right to reenlist).

Plaintiff asserts that he filed his first complaint in the district court, alleging a tort claim against the United States government. When transferred to the Claims Court, plaintiff argues, he lost his ability to have his tort claim heard because the Claims Court, as he correctly acknowledges, may not hear causes of actions sounding in tort. *See* 10 U.S.C. § 1491 (1996). The district court, however, transferred plaintiff's cause of action because the court lacked jurisdiction to hear Mr. Anderson's claims. *See* No. H–89–2754 (1990). This transfer in no way indicates any wrongdoing, deceit, trickery or otherwise, as alleged by plaintiff. The argument that the district court may not now hear plaintiff's tort claim, as Mr. Anderson asserts, gives no basis nor jurisdiction to this court to hear plaintiff's instant claims.

■ Additionally, plaintiff argues that he actively pursued his judicial remedies by filing a defective pleading during the statutory period and, therefore, this court should apply the doctrine of equitable tolling to the statute of limitations which currently bars the instant action from proceeding. Plaintiff filed his first complaint in the action at bar on August 16, 1999, and an amended complaint on September 20, 1999. The court has, to date, not held that these pleadings were filed defectively. Plaintiff may not utilize the doctrine of equitable tolling in this circumstance, where the original complaint at bar was filed more than ten years after the statute of limitations has run.

Plaintiff attempts to have the court look back to the action filed in the district court, which was later transferred to the Claims Court. The Supreme Court held, in *Burnett v. New York Central Railroad,* 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), that the filing of a timely action in the wrong venue, i.e., a state court rather than a federal court, may give reason to toll the statute of limitations. However, plaintiff in the instant case filed two amended complaints in the Claims Court after the transfer of his case. *See Anderson,* 22 Cl.Ct. at 179 n. 1. He based his claim in that suit, as he does in the instant action, on his separation from the Air Force. *See id.* The trial court dismissed Mr. Anderson's claims, and the Federal Circuit upheld the Claims Court's dismissal based upon the merits. *See Anderson,* 937 F.2d 623, 1991 WL 100830, *1 (Fed.Cir.1991). Thus, plaintiff suffered no injustice or unfairness from the transfer of his case, nor during its pendency in the Claims Court. The court finds, therefore, that these circumstances do not warrant equitable tolling to the statute of limitations pursuant to 28 U.S.C. § 2501 (1994). Further, there is no basis to substitute the fifteen year statute of limitations pursuant to 10 U.S.C. § 1553 (1998), a statute not applicable to the jurisdiction of this court.

For the reasons stated above, this court holds that plaintiff's claims are barred by the

statute of limitations, pursuant to 28 U.S.C. § 2501 (1994).

## II. Res Judicata

 Assuming arguendo, that the statute of limitations has not run or could be equitably tolled, the doctrine of res judicata bars the instant action. The doctrine of res judicata achieves finality in a civil action at law. *See Astoria Federal Savings and Loan Association v. Solimino,* 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991). This affirmative defense, also known as claim preclusion, bars an entire claim from being relitigated after it has already been adjudicated upon the merits. *See* RCFC 8(c); *see also Baker v. General Motors Corp.,* 522 U.S. 222, 238, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). Claim preclusion is a judicially created tool which protects parties from duplicative litigation and encourages judicial economy. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (*citations omitted*).

 The doctrine of res judicata is appropriately considered as a motion to dismiss pursuant to RCFC 12(b)(4); *see also Burnett v. United States,* 40 Fed.Cl. 806, 809 (1998) (*citations omitted*). In order to prevail under claim preclusion, the court must find that (1) there exists a prior court decision constituting a valid and final judgment; (2) the case at bar must embody the same cause of action or claim as did the prior court proceeding and decision; (3) the prior court decision must have been made upon the merits of the action; (4) the parties in the prior action must be the same parties as in the case at bar; and (5) there must be safeguards to make sure that the nonmovant has had a full and fair opportunity to litigate the claim at issue. *See Poyner v. Murray,* 508 U.S. 931, 113 S.Ct. 2397, 2398, 124 L.Ed.2d 299 (1993) (*citation omitted*); *Mosca v. United States,* 224 Ct.Cl. 678, 679, 650 F.2d 288 (1980) (*citations omitted*); *Lyons v. United States,* 45 Fed.Cl. 399, 403 (1999).

 The decision in *Anderson v. United States,* 22 Cl.Ct. 178 (1990), as reviewed by, 937 F.2d 623, 1991 WL 100830 (Fed.Cir. 1991), constitute a valid and final judgment. The trial court found that plaintiff was not entitled to the relief he sought and dismissed the claim for lack of subject matter jurisdiction. *See Anderson,* 22 Cl.Ct. at 179. The Federal Circuit, upon judicial review, disagreed with the trial judge's reasoning and held that the Claims Court did have subject matter jurisdiction to hear the case. *See Anderson,* 1991 WL 100830, *2. However, the circuit court upheld the dismissal, upon de novo review, after holding that plaintiff had no right to the relief requested. *See id.*

Second, the instant claim is founded upon the same cause of action as the former claim. The Federal Circuit has adopted the transactional approach, as defined in the Restatement (Second) of Judgments, § 24, when determining claim preclusion. *See Foster v. Hallco Mfg. Co., Inc.,* 947 F.2d 469, 479 (Fed.Cir.1991). Courts will look to determine, under the transactional approach, whether the " 'claim' rests on a particular factual transaction or series thereof on which a suit is brought." *See id.*

Both the former and current actions are founded on the same cause of action. In both cases, Mr. Anderson was placed on the Control Roster by his commander during the same time period for having a drinking problem; due to his status on the Control Roster and plaintiff's physical condition, he was unable to perform his assigned duties satisfactorily; he was still on the Control Roster at the time of his ETS and was, therefore, ineligible to reenlist at that time; Mr. Anderson was, consequently, honorably discharged by the Air Force; and plaintiff's separation was administratively documented on AF Form 100 and DD Form 214.

Plaintiff purports to advance a new claim under cover of a new theory of recovery. Mr. Anderson argues that there was error and injustice on the part of the discharge review board and the Air Force Board for the Correction of Military Records (AFBCMR). He claims that, although his last enlistment term was to last from August 18, 1980, until August 17, 1984, he was entitled to "good time lost," amounting to over eight months of active duty service, which he was obligated to serve after receiving rehabilitation treatment for an alcohol related

incident during his enlistment term. The court finds that these factual issues were available at the time plaintiff filed the prior action, and altering the theory of recovery does not form a new claim under the transactional approach. *See Lyons,* 45 Fed.Cl. at 404.

Third, the prior court decision was made upon the merits of the action. The circuit court upheld the trial court in finding that plaintiff had no right to the relief he sought in the prior action. *See Anderson,* 1991 WL 100830 at *2. The Federal Circuit determined, upon a de novo review, that Mr. Anderson had no right to reenlistment. *See id.* The court found that plaintiff had been justifiably placed on the Control Roster, namely for his inadequate duty performance, and low performance ratings which placed him on the bottom percentile of all Air Force Master Sergeants. *See id.* The court also found instances where Mr. Anderson had left his assigned duty station without leave from, or notice to, his commanding officer. *See id.* The court of appeals additionally found that, following his placement on the Control Roster, plaintiff had violated grooming standards, was derelict in his performance of his duties, and refused to perform his assigned duties. *See id.* Due to his poor performance and past behavior, Mr. Anderson's Commander denied his reenlistment application. *See id.* The Federal Circuit additionally found that plaintiff had no statutory right to reenlistment pursuant to AFR 35–16, ¶ 4–3, a regulation that denied him consideration under the Selective Reenlistment Program due to his placement on the Control Roster at the time of his ETS. *See id.* The court of appeals also noted that the Air Force has broad discretion when making decisions concerning reenlistments. *See id., citing* 10 U.S.C. § 508(b) (1988).

Dismissals are generally not presumed to be a final adjudication based upon the case when it is made without prejudice. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Actions dismissed for failing to state a claim upon which relief may be granted, however, are considered a final adjudication upon the merits. *See Bell v. Hood,* 327 U.S. 678, 682,

66 S.Ct. 773, 90 L.Ed. 939 (1946). The Claims Court decision, as upheld by the Federal Circuit, was a final judgment upon the merits, after dismissing the claim for failure to state a claim upon which relief may be granted. *See Anderson,* 22 Cl.Ct. at 179; and *Anderson,* 1991 WL 100830, at *3.

The fourth element to claim preclusion is also met. Mr. Anderson and the United States, as plaintiff and defendant, respectively, are the same parties in the instant action as those represented in the case determined by the Claims Court in 1990. *See Anderson,* 22 Cl.Ct. 178 (1990).

Finally, Mr. Anderson has had a full and fair opportunity to litigate his cause of action in the previous matter. The trial court in the prior action analyzed the same administrative record as is at issue in the case at bar, and found that plaintiff had no right to relief in his circumstances. *See Anderson,* 22 Cl.Ct. at 179. The circuit court reviewed this decision, under a de novo standard of review, and agreed with the lower court, holding that plaintiff had no right to relief. *See Anderson,* 1991 WL 100830, at *3.

Moreover, the instant action marks the seventh time Mr. Anderson has attempted to relitigate his separation claim in a federal court, all having been previously dismissed on collateral estoppel grounds, premised on his original claim in the Claims Court. *See Anderson v. United States Airforce,* 95–20660, 84 F.3d 433 (5th Cir.1996), *affirming* No. CA–H–95–679 (S.D.Tex. July 10, 1995); *Anderson v. Department of the Air Force, et al.,* 94–20024, 33 F.3d 1380 (Aug. 19, 1994 5th Cir.1994), *affirming* No. CA–H–93–1631 (S.D.Tex. Oct. 4, 1993); *Anderson v. United States Air Force,* 92–7112, 971 F.2d 748 (Aug. 4, 1992 5th Cir.1992), *affirming* No. CA–H–91–519 (S.D.Tex. Sept. 13, 1991). Surely Mr. Anderson has had a full and fair opportunity to litigate his claim.

For the aforementioned reasons, this court finds that plaintiff's claims are barred by res judicata and are dismissed with prejudice.

### III. Motion for Sanctions

■ Defendant's motion for sanctions against plaintiff is hereby allowed. The

United States Court of Appeals for the Fifth Circuit has previously sanctioned Mr. Anderson for filing frivolous suits against the same defendant, alleging the same claims as are at issue in the instant case. As previously mentioned, this marks the seventh time Mr. Anderson has filed an action in a federal court to hear his separation claim. Yet, even in the face of possible sanctions, plaintiff persists in filing these frivolous suits, as is the case at bar, thereby abusing the judicial process.

Therefore, Mr. Anderson is ·barred from filing any pleadings or documents of any kind, in this court, without the advance written permission of a judge of the forum court. Any attempt by Mr. Anderson to file frivolous pleadings in the future will result in further sanctions.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(4), is hereby *ALLOWED.* The clerk of the court is directed to dismiss the complaint with prejudice.

The clerk of the court is further directed not to file any pleadings or documents of any kind, submitted by plaintiff in this court, without the advance written permission of a judge from this court.

**IT IS SO ORDERED.**