**Larry N. ROOD and Billie A. Rood, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 03–1822 C.

United States Court of Federal Claims.

Dec. 21, 2004.

Edward A. Zimmerman, Military and Veterans National Law Center, Burnsville, MN, counsel of record for Plaintiffs.

Elizabeth Thomas, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, DC, counsel of record for defendant, with whom were David M. Cohen, Director, Bryant G. Snee, Assistant Director, and Peter D. Keisler, Assistant Attorney General; of counsel was Lieutenant Commander Dan Shanahan, United States Navy, Office of the Judge Advocate General.

**OPINION**

DAMICH, Chief Judge.

On August 4, 2003, Plaintiffs filed their complaint (hereinafter "Compl."), which alleges, *inter alia,* that the United States Navy improperly discharged Mr. Rood from reserve duty. Compl. ¶ 6, at 3. Plaintiffs seek retirement pay, allowances, and benefits from May 1999 to the present; a determination that Mr. Rood is entitled to retirement pay henceforth; and a Survivor Benefit Plan for Mrs. Rood. *Id.*

The proceedings were stayed for many months by request of the parties while Plaintiffs' petition for a credit of additional military service was pending before the Air Force Board for Correction of Military Records (hereinafter "AFBCMR"). After the stay was lifted, the United States (hereinafter "Defendant"), on July 21, 2004, filed its Motion to Dismiss (hereinafter "Def.'s Mot.") for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (hereinafter "RCFC") and failure to state a claim of action upon which relief can be granted under RCFC 12(b)(6). Defendant alleges that Plaintiffs' claims are barred by the doctrine of res judicata, also known as claim preclusion, and that the Court has no jurisdiction over Mrs. Rood's claim. For the reasons discussed below, Defendant's motion to dismiss is hereby GRANTED.

## I. Background

Plaintiff Larry Rood believes that he is entitled to military retirement benefits due to his alleged 20 years of accrued military service. Plaintiffs' Brief in Response to Defendant's Motion to Dismiss (hereinafter "Pl.'s Resp.") at 2. As required by law, the following facts are either undisputed or viewed in the light most favorable to the Plaintiffs. *See Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977).

Mr. Rood began his military career by enlisting in the United States Air Force in 1961. After leaving the Air Force in 1965, he immediately joined the Naval Reserves. Mr. Rood left the Naval Reserves in 1967, but rejoined in 1981, becoming a Captain in 1993. *Larry N. Rood,* No. BC–2003–02615, at 1–2 (Feb. 25, 2004), *available at* Jt. Status Report, at E.3–E.6 (Mar. 22, 2004); *Rood v. Danzig,* No. C99–244R, Order Granting Defendant's Motion to Dismiss in Part and Granting Defendant's Motion for Summary Judgment (W.D.Wash. Oct. 6, 1999) at 2, *available at* Def.'s Mot. at B.1–B.14 (hereinafter "D. Ct. Ord.") at 2. In 1990, Mr. Rood pled guilty to child molestation, but did not report his conviction to the Navy. However, the Navy discovered Mr. Rood's secret in 1996, and, after Mr. Rood appeared before a Board of Inquiry (hereinafter "BOI"), he was honorably discharged from the Naval Reserves in 1997. D. Ct. Ord. at 2.

In March of 1998, Mr. Rood asked the Board for Correction of Naval Records (hereinafter "BCNR") to review the BOI proceedings, alleging, *inter alia,* that the BOI was improperly constituted. *Id.* at 3. Although the BCNR agreed with Mr. Rood on this issue, the BCNR found that the improper constitution of the board did not void the proceedings. *Id.* Therefore, in 1999, Mr. Rood filed the *Rood v. Danzig* complaint in the U.S. District Court for the Western District of Washington. Mr. Rood requested vacatur of the BOI and BCNR decisions, reinstatement into the Naval Reserves, and a writ of mandamus instructing the Navy to give Rood points for pay and non-pay periods and drills attended in 1997. *Id.* at 3.

The district court found that, although it had subject matter jurisdiction to review the BOI and BCNR proceedings, Mr. Rood's challenge to the Navy's decision to deny him retirement was non-justiciable "because the Navy should have considerable discretion over personnel matters" and because the court is "poorly equipped to analyze retirement point calculations and the requirements for retirement eligibility." *Id.* at 6. In addition, the district court found that Mr. Rood had presented no evidence of "particularized prejudice," and therefore that the decision of the BCNR—which found that the BOI's decision was not void due to improper composition—was not arbitrary or capricious. *Id.* at 11–12. Thus, the district court dismissed Mr. Rood's claim for retirement benefits and granted the United States summary judgment for the remaining claims. *Id.* at 1–2.

Mr. Rood appealed this decision to the United States Court of Appeals for the Ninth Circuit, which affirmed the district court's decision in August of 2001. *Rood v. England,* No. 00–35052, 2001 WL 873834 (9th Cir. Aug.2, 2001), *available at* Def.'s Mot. at C.1–C.10. Mr. Rood did not file for reconsideration by the appellate court or seek certiorari in the Supreme Court, but instead the Roods filed the case at bar in August 2003, requesting review of the decision by the BCNR.[1] However, this case was stayed for many months at the request of the parties pending an application for correction of military records, which Mr. Rood had filed with the AFBCMR in July of 2003. On February 25, 2004, the AFBCMR found that Mr. Rood's record should be corrected to reflect that he served four years in the Air Force. *Larry N. Rood,* No. BC–2003–02615, at 3 (Feb. 25, 2004), *available at* Joint Status Report, at E.5 (Mar. 22, 2004); Letter from Lineberger to Rood of Feb. 25, 2004. In March 2004, the stay was lifted and Defen-

dant filed the present motion shortly thereafter.

## II. Motion to Dismiss Standard

Pursuant to RCFC 12(b)(1) and 12(b)(6), the Court is required to grant Defendant's motion to dismiss if it finds that the Court of Federal Claims does not have jurisdiction over Plaintiffs' claims or that Plaintiffs have failed to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the Court must "treat all of the well-pleaded allegations of the complaint as true." *See Miree,* 433 U.S. at 27 n. 2, 97 S.Ct. 2490; *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). "If a motion to dismiss for lack of subject matter jurisdiction, however, challenges the truth of the jurisdictional facts alleged in the complaint, the district court may consider relevant evidence in order to resolve the factual dispute." *Reynolds,* 846 F.2d at 747–48 (citations omitted). As a result, Plaintiffs bear the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id.* at 748.

## III. Analysis

In Defendant's motion, it avers that Mr. Rood's claim is barred by the doctrine of res judicata. Furthermore, the government asserts that this Court lacks jurisdiction over Mrs. Rood's claim because it is not based upon a "statutory entitlement presently owed." Def.'s Mot. at 1–2; *see Jankovic v. United States,* 204 Ct.Cl. 807, 1974 WL 5592 (1974) (Court of Claims does not have jurisdiction when plaintiff does not request money presently due him from the United States).[2] In addition, Defendant argues that, even if the Court finds that it has jurisdiction over Mrs. Rood's claim, her suit is also barred by

---

1. Specifically, Plaintiffs ask for a finding that Mr. Rood's discharge from the Navy is unsupported by statute, rule, or regulation, and that the decision of the BCNR was arbitrary and capricious and contrary to law. As relief, Plaintiffs request that Mr. Rood be put on retirement status effective May 1999, have his personnel records corrected, have his OSGLI Insurance eligibility reinstated, and be given backpay, allowances, and benefits from May 1999 forward. Compl. ¶ 6, at

3. Plaintiffs further request that Mrs. Rood be named as beneficiary on Mr. Rood's OSGLI Insurance policy as of May 1999 and be awarded a Survivor Benefit Plan. Compl. ¶ 8, at 3–4.

2. Cases of the Court of Claims, which is a predecessor to the Federal Circuit, are binding on this Court. *South Corp. v. United States,* 690 F.2d 1368, 1370 (Fed.Cir.1982) (en banc).

the doctrine of res judicata, since she is in privity with her husband. *Id.*

In response, Plaintiffs assert that the doctrine of res judicata is not applicable to the present case because the facts presented herein differ from those in the prior case before the United States District Court for the District of Washington. Since the AFBCMR had not yet made a decision on Mr. Rood's application for review at the time of the district court decision (but has made a decision by now), Plaintiffs assert that new facts have arisen to bar use of the doctrine of res judicata. Pl.'s Resp. at 2–9. To determine whether Defendant's motion should be granted, the Court will examine the claims made by Mr. and Mrs. Rood separately.

### A. Mr. Rood's Claim—Res Judicata

■ Defendant correctly asserts that Mr. Rood's claim is barred by res judicata. The current law in the Federal Circuit requires the party asserting res judicata to prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first. *Ammex, Inc. v. United States,* 334 F.3d 1052, 1055 (Fed.Cir.2003); *see also Florida Power & Light Co. v. United States,* 41 Fed.Cl. 477, 483 (1998). Since the law of the Federal Circuit is binding precedent on this Court, the *Ammex* test will be used to determine if Mr. Rood's claim is barred by res judicata.

The first question is whether the parties to the earlier suit are identical to or in privity with the parties to the current action. In this case, the parties are clearly the same, since all cases involved Mr. Rood and representatives of the United States government. Therefore, the first element of res judicata has been met with regard to Mr. Rood's claim.

■ The second question is whether the original suit proceeded to a final judgment on the merits. According to the Court of Claims: "[U]nless [an] involuntary dismissal is 'for lack of jurisdiction,' the dismissal operates as an adjudication on the merits." *Torres v. United States,* 225 Ct.Cl. 688, 650 F.2d

290 (1980) (unpublished table decision). Here, the government's motions for dismissal and for summary judgment, which the district court granted, were not involuntary dismissals for lack of jurisdiction. Additionally, Plaintiffs, in their response to Defendant's motion, do not contest that there was a decision on the merits in the prior district court action. Pl.'s Resp. Therefore, it is clear that this requirement of a final judgment on the merits has also been met.

■ Since the first two elements have been met, res judicata will bar Plaintiff Mr. Rood's claim if that claim is based on the same set of transactional facts as the prior litigation. The Court of Claims has held that when a court does a transactional facts analysis, that court must weigh "such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectation [sic] or business understanding or usage." *Alyeska Pipeline Serv. Co. v. United States,* 231 Ct.Cl. 540, 688 F.2d 765, 769 (1982) (quoting Restatement (Second) of Judgments § 24(b)); *see also Foster v. Hallco Mfg.,* 947 F.2d 469, 478–79 (Fed. Cir.1991).

■ Plaintiffs allege that there can be no res judicata, because the *actual* allegations in the two complaints are different. Pl.'s Resp. at 2–9. However, as the Supreme Court has noted, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (emphasis added). This Court and the Federal Circuit have also recognized that res judicata "extends beyond those causes of action expressly included by the plaintiff in his claim to cover causes of action which were not but *should* have been raised in the prior litigation." *Brown v. United States,* 3 Cl.Ct. 31, 41 (1983) (emphasis in original); *see, e.g., Stearn v. Dep't of the Navy,* 280 F.3d 1376, 1380 (Fed.Cir.2002); *Case, Inc. v. United States,* 88 F.3d 1004, 1011 (Fed.Cir.1996); *Anderson v. United States,* 46 Fed.Cl. 725 (2000).

■ Here, as Defendant correctly notes: "Both suits stem from the same underlying transaction that the Navy discharged Mr. Rood, prior to his eligibility for retirement, for misconduct and substandard performance . . . ." Defendant's Reply to Plaintiffs' Brief in Response to Defendant's Motion to Dismiss (hereinafter "Def.'s Reply") at 3. In addition, Mr. Rood seeks the same remedy of military retirement pay in both suits. *Compare* Compl. at 4–5 ("Plaintiffs pray for relief as follows: . . . [t]hat the court herein enter a money judgment in favor of [Mr. Rood] for his retirement pay and allowances . . . ."), *with Rood v. Danzig*, No. C99–0244, Complaint to Review and Vacate Agency Decision, at 7 (1999), *available at* Def.'s Mot. at A.1–A.8 (hereinafter "D. Ct. Compl.") ("[P]laintiffs pray for relief as follows: . . . [t]o place [Mr.] Rood in a retirement status with commensurate pay and allowances.").

However, Plaintiffs argue that there are some new facts that prevent preclusion in this case: (1) the Air Force recently granted Mr. Rood extra days of credit, which gives him a total of 20 years of service in the military; (2) the Navy has failed to act on an application for Reserve retirement that Mr. Rood had submitted; (3) Mr. Rood is not asking for the same credit as he requested in the BOI and BCNR decisions. Pl.'s Resp. at 2. The Court disagrees with Plaintiffs that any of these facts prevents preclusion of Mr. Rood's claims.

First, in addressing whether this suit arises from the same claim as Mr. Rood's earlier litigation, Plaintiffs argue that Mr. Rood could not bring this claim earlier because "after the prior litigation was concluded plaintiff[s] learned that an Air Force practice of limiting the duration of orders calling Reservists to Active Duty had just been determined by the Department of Defense to be illegal." Pl.'s Resp. at 2. Plaintiffs base this argument on the recent decision of the AFBCMR. *Id.* However, the AFBCMR did not decide to give Mr. Rood an extra four days[3] of service time because the earlier decision had been "illegal" but instead gave him four extra days due to principles of equity. *Larry N. Rood*, BC–2003–02615, at 3 (Feb. 25, 2004), *available at* Jt. Status Report at E.5 (Mar. 22, 2004); *see also* Def.'s Mot. at 6–7.

Furthermore, as Defendant persuasively argues, Mr. Rood could have raised this issue at any time from his Air Force discharge in 1965 until the filing of the earlier litigation in 1999. Def.'s Reply at 5–6; *see Martinez v. United States*, 333 F.3d 1295 (Fed.Cir.2003) (en banc) (administrative application is not necessary before filing with this Court). In addition, Mr. Rood could have asserted this issue in the first lawsuit, because he has known since his 1965 discharge from the Air Force that he did not earn a full four years of service credit in that branch of the Armed Forces. Def.'s Reply at 7. Furthermore, Mr. Rood raised the issue of his four years of Air Force service in the complaint in this case. As the complaint was filed *prior to* the AFBCMR's ruling in 2004, this timing indicates that the AFBCMR issue was not dependent upon that body's ruling, but also could have been raised in the previous action. *See id.* at 6.

Similarly, Plaintiffs argue that the Navy's failure to act on Mr. Rood's retirement application prevents preclusion. However, Plaintiffs do not explain what application they have filed or when it was filed. Although Mr. Rood made a request for retirement in July of 1997, that request was rejected in 1998. Compl. Ex. C., D. Of course, an application from 1997 would not be a change in transactional facts anyway, because Mr. Rood could have addressed that application in his 1999 district court case. The Court can only assume that Plaintiffs are referring to their intention, noted in the March 2004 Joint Status Report, of trying to obtain correction from the BCNR. Jt. Status Report

---

3. Prior to the AFBCMR decision, Mr. Rood was four days short of having four years of service in the Air Force. The AFBCMR decided to change Mr. Rood's records to show that he had enlisted in the Air Force on February 26, 1961, instead of March 1, 1961. This gave him an additional two days of service credit. However, as per a Department of Defense Regulation, he was given two more days (for a total of four additional days) since February 1961 was not a leap year. *Larry N. Rood*, BC–2003–02615, at 1, 3 (Feb. 25, 2004), *available at* Jt. Status Report at E.3, E.5 (Mar. 22, 2004).

¶ 6, at 2 (Mar. 22, 2004). Furthermore, even if there is a new application before the Navy, this would not prevent preclusion because, like the AFBCMR issue, it could have been raised in the district court case, as Mr. Rood knew at the time of that case that the Navy did not believe he was entitled to retirement benefits.

Finally, Plaintiffs argue that they are asking for different types of credit in the current litigation than Mr. Rood requested in the former case. Plaintiffs in the current complaint are asking for relief from the actions of the BOI and BCNR. Mr. Rood was asking for the same relief in the prior complaint, except that in the prior complaint, Mr. Rood requested extra qualifying points from 1997 to use toward retirement, while here he is requesting simply to be given retirement benefits. D. Ct. Compl., ¶ 7, at 4. However, it is irrelevant which specific service points Mr. Rood is requesting because he is seeking the same goal in both cases: a finding that the BOI and BCNR were wrong and that he should be given retirement benefits. Furthermore, Mr. Rood could have requested retirement benefits previously based on the facts surrounding his military service—facts that he possessed at the time of the earlier suit. As noted above, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action." *Federated Dep't Stores*, 452 U.S. at 398, 101 S.Ct. 2424 (emphasis added). Since the same transactional facts are involved, even though the claim is slightly different, res judicata is still applicable.

After weighing the factors, it is apparent to the Court that Mr. Rood's current cause of action could have and should have been brought in his district court case because both cases are based on the same set of transactional facts. As a result, his claims are barred by res judicata and must be dismissed.

### B. Mrs. Rood

#### 1. Lack of Jurisdiction

Plaintiffs claim that Mrs. Rood is entitled to restoration of all insurance naming her as beneficiary and all benefits of a Survivor Benefit Plan under 10 U.S.C. § 1447, et. seq. Compl. ¶ e., at 6. Defendant argues that "[t]his Court does not have jurisdiction over Mrs. Rood's claim if she is not asking for money *presently* due her from the United States." Def.'s Mot. at 8 (emphasis in original). Defendant bases its argument on *Jankovic,* a binding decision of the Court of Claims, which says: "This Court does not have jurisdiction [when] plaintiff is not asking for money presently due him from the United States." 204 Ct.Cl. at 807, 1974 WL 5592 (citations omitted). Mrs. Rood's interest in the Survivor Benefit Plan only accrues if Mr. Rood elects to pay a portion of his benefits into the Plan annuity for Mrs. Rood's benefit, 10 U.S.C. § 1452, and if Mr. Rood then predeceases Mrs. Rood. 10 U.S.C. § 1450. Because neither of these conditions have occurred, Mrs. Rood does not have any current right to compensation. Plaintiffs have even conceded this fact, stating "[i]t is also true that actions remain to be taken by her husband before Mrs. Rood would have any present right." Pl. Resp. at 10. Therefore, this Court does not have jurisdiction to decide Mrs. Rood's claim, and the claim must be dismissed.

#### 2. Res Judicata

As discussed above, the Federal Circuit requires the party asserting res judicata to prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first. *Ammex*, 334 F.3d at 1055.

Since Mrs. Rood was not a party to the district court action, she must be in privity with Mr. Rood before her claim can be dismissed based on res judicata. The Federal Circuit has defined privity in this context to be, in Defendant's words, "successive or mutual interests in the same property." *Int'l Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1329 (Fed.Cir.2000) ("One situation in which parties have frequently been held to be in privity is when they hold successive interests in the same property."). Since Mrs. Rood would only receive the re-

tirement pay from the Survivor Benefit Plan, and those annuity payments are deducted from her husband's pay, the Roods have a mutual interest in the retirement pay. Thus Mrs. Rood is in privity with Mr. Rood. Furthermore, Plaintiffs have conceded that "Mrs. Rood 'stands in privity to her husband [sic].' Her rights flow through him. If any of his claims are barred by res judicata, then any claim flowing to her through such a claim of her husband's would be barred." Pl.'s Resp. at 10 (quoting Def.'s Mot. at 9). Since the analysis for the other two prongs of the res judicata test have been met, as discussed above, even if this Court had jurisdiction over Mrs. Rood's claim, res judicata would bar that claim. Therefore, dismissal is appropriate.

### C. Failure to State a Claim

Defendant's alternative argument for dismissal of this case is failure to state a claim upon which relief can be granted under Rule 12(b)(6). Since the Court has decided that it lacks subject matter jurisdiction over Plaintiffs' claims, however, the Court will not discuss this alternative ground for dismissal.

### IV. Conclusion

Because Plaintiffs' claims are barred by res judicata, and because the Court has no jurisdiction over Mrs. Rood's claim, Defendant's Motion to Dismiss is hereby GRANTED. The Clerk of the Court is instructed to dismiss this case with prejudice.