**AMERICAN FRUIT GROWERS, Inc., v. JOHN BRAADLAND, Limited.**

Patent Appeal No. 2559.

Court of Customs and Patent Appeals.

Dec. 19, 1930.

R. T. M. McCready, of Pittsburgh, Pa. (Chas. R. Allen, of New York City, of counsel), for appellant.

Edward T. Fenwick, Edward G. Fenwick, and Charles R. Fenwick, of Mason, Fenwick & Lawrence, all of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal, in a trade-mark cancellation proceeding, from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dis-

missing appellant's application for the cancellation of appellee's registration No. 233,-557, issued October 4, 1927, for the trademark "Blue Goose" for use on canned fish.

It was claimed by appellant in its application for cancellation that it and its predecessor had used the words "Blue Goose," appearing immediately above a pictorial representation of a "blue goose," as a trademark since 1918; that its mark was registered in the year 1919 for use on fresh fruits and vegetables; that, since the year 1923, appellant had used its trade-mark on nuts, figs, dates, and canned fruits; that on April 27, 1926, it registered its "Blue Goose" trademark for canned fruits and vegetables; that the goods of the parties possess the same descriptive properties; that appellant has expended over a half million dollars in advertising its trade-mark; that its goods are sold in enormous quantities throughout the United States; and that appellant deems itself injured by the registration of the words "Blue Goose" to appellee.

In its answer, appellee alleged that the issues presented by appellant's application for cancellation were adjudicated in April, 1927, in opposition No. 6648, American Fruit Growers, Inc., v. John Braadland, Limited; that the issues presented by the petition for cancellation were, or could have been, raised in the opposition proceeding; and that, as the parties were the same, and, as no appeal was taken from the final decision dismissing appellant's notice of opposition in that case, appellant is barred by the doctrine of res adjudicata from presenting any of those issues in this proceeding.

Thereafter, in October, 1928, appellee filed a motion in the Patent Office to dismiss appellant's petition for cancellation of appellee's registration.

In his decision holding that the final decision in opposition No. 6648 was conclusive as to every question that was or might have been presented therein and dismissing the petition for cancellation, the Examiner of Interferences, among other things, said:

"In this opposition the parties were the same and the marks were the same, and the judgment entered was a final one in favor of the applicant's right of registration.

"In the present proceeding the attack on the right of registration is based on the same statutory ground that was urged in Opposition No. 6648, namely, the confusion in trade clause of Sec. 5, which includes the questions of resemblances of the marks and the descriptive properties of the goods. The only difference between the attack set up in Opposition No. 6648 and the one set up in the present proceeding is in the specific goods relied upon. In that opposition prior use was alleged only on citrus fruits, namely, oranges, lemons, and grapefruits and on deciduous fruits, namely, cantaloupes, while in the present cancellation proceeding prior use on certain canned goods, namely, canned fruits and vegetables is relied upon in addition to certain citrus and deciduous fruits, as the goods on which petitioner has used its mark. Moreover, it is noted that use of the mark by petitioner for these additional goods is claimed from a time prior to the filing of the notice of opposition—No. 6648."

The decision of the Examiner of Interferences was affirmed by the Commissioner of Patents.

It is claimed by counsel for appellant that, although it was the owner of the mark at the time it filed its notice of opposition, No. 6648, and had used it on canned fruits for several years prior thereto, it had not at that time obtained a registration of the mark for such use, and therefore did not plead in its notice of opposition its right to use its mark on such fruits, and that, as this issue was not raised by it in the opposition proceeding, the doctrine of res adjudicata is not applicable to the issues now before the court.

In the case of Williams Oil-O-Matic Heating Corp. v. Butler Co., 39 F.(2d) 693, 25 T. M. R. 179, this court reviewed the authorities on the subject and held that the doctrine of res adjudicata was applicable to proceedings of a judicial character in the Patent Office, and that such issues as were, or might have been, presented in an opposition proceeding in the Patent Office were barred, by the doctrine of res adjudicata, from again being presented in a cancellation proceeding between the same parties.

In the case at bar, counsel for appellant not only admits, but it was alleged in appellant's petition for cancellation, that it had used its trade-mark on canned fruits since the year 1923. Furthermore, its application for registration of its trade-mark for use on canned fruits was filed in the Patent Office on July 9, 1925, nearly two months before its notice of opposition was filed in the opposition proceeding and nearly two years before final decision in that case. It is obvious, therefore, that the issues presented in ap-

pellant's petition for cancellation were, or might have been, presented by it in opposition No. 6648. Accordingly, applying the doctrine of res adjudicata, the decision in the opposition proceeding is final and conclusive of the issues now before us.

For the reasons stated, the decision is affirmed.

Affirmed.