50 CCPA

**UNIVERSAL OVERALL COMPANY, Appellant,**

**v.**

**STONECUTTER MILLS CORPORATION, Appellee.**

**Patent Appeal No. 6847.**

United States Court of Customs and Patent Appeals.

Dec. 12, 1962.

Trial and Appeal Board granted a motion for summary judgment by Stonecutter Mills and dismissed the opposition. Universal appeals from that action.

The board granted the motion for summary judgment on the ground that the issues raised in the opposition are *res judicata* because of a prior proceeding, viz., Cancellation No. 6771, in which Universal unsuccessfully sought cancellation of Stonecutter Mills' Registration No. 422,633 [2] of "STONECUTTER" on the principal register for piece goods of rayon, wool and/or cotton.

The final decision in the prior proceedings, Universal Overall Company v. Stonecutter Mills Corporation, 121 U.S. P.Q. 605, reconsideration denied, 122 U.S.P.Q. 324, is that of the Assistant Commissioner. In the original decision it is stated:

"The record shows that since 1926, petitioner has used the term 'STONE CUTTER' as a trademark for men's work clothing. * * *

"Respondent was organized in 1920 under the name of Stonecutter Mills Corporation, and it has continuously operated under that name since that time. The sales value of respondent's piece goods had increased from $37,000 in 1921 to more than $17,000,000 in 1957. The chairman of respondent's board testified that 'STONECUTTER' has always appeared in one way or another on all shipments of its piece goods, and since the beginning of its operations, respondent's products have been known in the trade as 'STONECUTTER' goods.

"The question to be determined here is whether or not petitioner's

Norman Lettvin, Chicago, Ill. (D. D. Allegretti, Bair, Freeman & Molinare, Chicago, Ill., of counsel), for appellant.

Edward L. Merrigan, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge JOSEPH R. JACKSON, Retired.

WORLEY, Chief Judge.

Stonecutter Mills Corporation seeks registration of the mark "STONECUTTER" for certain fabrics for use in specified garments and home furnishing items.[1] Universal Overall Company, hereinafter referred to as Universal, opposed that application. The Trademark

1. The application, Serial No. 79,125, as originally filed on August 6, 1959, designated the goods as "men's, women's, and children's clothing, including shirts, slacks, dresses, skirts, blouses, sportswear and other similar articles of clothing." Subsequently, the application was amended to specify "textile fabrics of cotton, silk, rayon and/or other manufactured fibers and combinations thereof for use in garments for men, women and children, including blouses, dresses, shirts [sic], jackets, jeans, lingerie, shirts, ties, slacks, shorts and sportswear, and for use in home furnishings [sic] items such as draperies, curtains, bedspreads and upholstery fabrics."

2. Issued on an application filed January 18, 1945, asserting use since September 4, 1944.

right to use 'STONECUTTER' (either as one word or two words) is superior to respondent's right with the result that the registration is inconsistent with petitioner's rights.

"The record is inconclusive with regard to respondent's earliest use of 'STONECUTTER' in a technical trademark sense,[3] but it conclusively appears that 'Stonecutter Mills Corporation' has been continuously used since 1921 in connection with the extensive sales of respondent's piece goods. Such use of 'STONE-CUTTER' by respondent is sufficient to establish rights in the term, and since it has been so used since 1921, petitioner has failed to show that it has superior rights in the term. Therefore, damage to petitioner from the registration cannot be inferred.

"The record indicates, however, that there has been long concurrent use by the parties on specifically different goods without any evidence of confusion, and it may be that petitioner would, in a proper case, be entitled to concurrent registration, but that question is not here to be decided. * * * *"

On reconsideration, the Assistant Commissioner, in responding to an argument by Universal that it should prevail because it was first to use the mark in a trademark sense, commented as follows:

"Section 2 of the statute sets forth the grounds for ex parte refusal of registration by the Commissioner. These grounds may be invoked by an opposer who can show that he will be damaged by registration of a mark sought to be registered. These grounds may also, in a proper case, be invoked in a cancellation proceeding, but only as general grounds to show damage from a registration already issued. The provisions of Section 2 are prospective, and the statutory language of Section 2(d) is not applicable to a cancellation proceeding."

In the same opinion, the Assistant Commissioner further stated:

"In the present case it was established that the rights of respondent in 'STONECUTTER' were at least equal to petitioner's rights in the word and that damage from the registration therefore could not be inferred."

In support of the allegation in its notice of opposition that it will be damaged by the registration sought, Universal asserts that it has used the trademark "STONE CUTTER" on its clothing products since 1926 and that, in Cancellation No. 6771, the Commissioner was unable to find that Stonecutter Mills had used "STONECUTTER" *as a trade mark* prior to 1944. As another ground of opposition, Universal asserts that the registration should be refused because the allegation, in the application as originally filed, that Stonecutter Mills has used the mark since 1921 on goods defined as clothing or garments produced by it, was false.

In holding *res judicata* applicable, the board stated:

"The records reveal that the several questions raised by opposer in its present pleading pertaining to applicant's use and display of its mark were duly considered and rejected by the Examiner of Interferences in the aforesaid Cancelation No. 6,771, it being determined therein that, as between the parties, the respondent (applicant herein) had superior rights in the term 'STONECUT-TER' and that petitioner (opposer herein) could not be injured by respondent's registration thereof. On appeal, the Assistant Commissioner affirmed the Examiner's holding on the question of superior rights and did not disturb his rulings on the other questions involved.

"3. In its registration, respondent asserted use as a trademark since Sept. 4, 1944.

"Since the present opposition and the aforesaid cancelation proceedings manifestly involve the identical question of damage to Universal Overall Company arising out of registration of the term 'STONECUTTER' to Stonecutter Mills Corporation, the final adjudication in the prior proceeding is considered to be res judicata and binding on opposer herein." See: Commissioner of Internal Revenue v. Sunnen, [333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898], 77 U.S.P.Q. 29 * * *; American Fruit Growers, Inc. v. John Braadland, Ltd. [45 F.2d 443], 7 U.S.P.Q. 261 (CCPA, 1930); Westgate-Sun Harbor Company v. Watson, Comr. Pats. [206 F.2d 458], 97 U.S.P.Q. 523 (CA DC, 1953); Fourco Glass Company v. Libbey-Owens-Ford Glass Company, 115 U.S.P.Q. 191 (Comr., 1957); and The Arnold Milling Company v. Thorobred Company, Inc., 82 U.S.P.Q. 436 (Comr., 1949).

Universal urges that the board erred in finding the doctrine of res judicata applicable because the present opposition raises issues of fact and law which are different from those determined in the cancellation proceedings. The differences in fact it advances are, in substance, as follows:

"1. The issue of the alleged falsity of the assertion in the present application, as originally filed, with respect to the use of the mark since 1921 on clothing or garments is new since the application was not filed until after the Assistant Commissioner's original decision in Cancellation No. 6771.

"2. The date of 1921, alleged for first use in the application is not the same as the date found in the cancellation for Stonecutter Mills' first use of 'STONECUTTER' in a trademark sense, the latter date being asserted by Universal to be 1944, and

"3. The designation of the goods in Registration No. 422,633, involved in the cancellation is different from that in the application."

Universal further urges that the statutory provisions which govern cancellation proceedings are different from those governing opposition proceedings. In support of that contention, it refers to the statements of the Assistant Commissioner on reconsideration regarding the significance of Section 2(d) to opposition and cancellation proceedings, quoted above.

Stonecutter Mills refers to the cancellation proceedings as "involving the very same two trademarks and merchandise here involved" and asserts that the decision therein including rulings as follows:

"(1) that Stonecutter Mills Corporation [applicant] has superior rights in 'Stonecutter,' dating back to 1921, and

"(2) that Universal Overall Company [opposer], therefore, cannot be damaged by registration of 'Stonecutter' in favor of Stonecutter Mills Corporation.

It is obvious that the designation of goods and date of first use set out in the present application differ from the registration of Stonecutter Mills involved in the cancellation proceedings as pointed out by Universal. It is also evident that the contention that the application included false assertions as filed was not at issue in the cancellation proceedings.

The board did not discuss those obvious differences between the cancellation proceedings and the present opposition in its original opinion, nor did it discuss them in its decision on reconsideration, even though they were specifically pointed out by Universal. While the board's conclusion that res judicata is applicable indicates that that body did not consider the differences to be significant, we have not been given the benefit of the reasons it took that view.

On the basis of the record and the arguments before us we think the board erred. Applying the principles set out in

Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898, cited by the board and parties here, it is apparent that all the questions of fact and law involved here were not determined in the previous proceedings. Determining whether Registration No. 422,633 should be cancelled did not settle the question involved in the present matter, viz., whether applicants are entitled to registration of their new application with its different designation of goods and its assertion of a different date for first use.

The decision in the cancellation proceeding did not include a finding that the date of first use asserted in the application, 1921, is correct or that Stonecutter Mills used the mark as a trademark prior to opposer so using it. On the contrary, that decision ruled that the record "is inconclusive with regard to respondent's [Stonecutter Mills'] earliest use of "STONECUTTER" in a technical trademark sense." The discussion in the opinion on cancellation of the possibility that a case for concurrent use might exist, with the express statement that the question was not "here to be decided" indicates the Assistant Commissioner did not regard that decision as settling any rights of the parties beyond those necessary to determine the cancellation question.

Universal's charge that the allegation of use of the mark on clothing, made in the application as originally filed, is false, was obviously not settled by the cancellation proceedings. Thus, the holding of *res judicata* was not not proper.

It appears that at this time no useful purpose would be served by discussing the applicability of Section 2(d) to cancellation and opposition proceedings, raised by Universal. Hence we express no opinion on that matter.

The decision is *reversed* and the case *remanded* to the Trademark Trial and Appeal Board.

Reversed and remanded.