NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1040
(Opposition No. 91/157,012)

LEO STOLLER,

Appellant,

v.

HYPERSTEALTH BIOTECHNOLOGY CORP.,

Appellee.

_____

DECIDED:  April 8, 2005

_____

Before NEWMAN, SCHALL, and DYK, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Leo Stoller appeals the decision[1] of the Trademark Trial and Appeal Board of the

United States Patent and Trademark Office refusing to remand the multi-class trademark

---

1  <u>Stoller v. Hyperstealth Biotechnology Corp.</u>, Opposition No. 91157012
(T.T.A.B. Aug. 27, 2004)

05-1040                                   1

application of Hyperstealth Biotechnology Corp. ("Hyperstealth") to the examining branch following Hyperstealth's withdrawal of the application as to one class of goods, but not the other. We <u>affirm</u> the decision of the Board.

BACKGROUND

On July 17, 1999, Hyperstealth applied for the trademark "HYPERSTEALTH" as used with two classes of goods: "Therapeutic compound which is taken orally in either liquid or solid form and releases oxygen after consumption," and "Passive negative ion generators and hyperbaric oxygen chambers for therapeutic medical use." The first application was classified in International Class 5 and the second in International Class 10. After the application was examined, it was published in the Official Gazette on July 2, 2002. In October 2002 Mr. Stoller filed a Notice of Opposition as to the Class 5 goods, based on his own trademarks for the mark "STEALTH." Mr. Stoller alleged likelihood of confusion, descriptiveness, dilution, and fraud.

In response to the Notice of Opposition, Hyperstealth filed a Notice of Default and Consent to Judgment in which it expressly abandoned the application for the Class 5 goods, namely the "Therapeutic compound which is taken orally in either liquid or solid form and releases oxygen after consumption." On June 18, 2004 the Board denied registration[2] as to the Class 5 goods, and forwarded the application to the intent-to-use branch "for issuance of a notice of allowance in connection with the remaining goods set forth therein."

---

[2] The June 18 decision was an amended judgment, the Board having erroneously issued an order rejecting registration as to the class 10 goods. Mr. Stoller does not claim he was prejudiced by this error, and we deem it immaterial to the issues before us.

The Board noted that Mr. Stoller had opposed only one class of goods and had submitted a filing fee for a one-class opposition.

Mr. Stoller then filed a request for reconsideration in which he sought to have the application remanded to the examining branch for reconsideration of the likelihood of confusion as to the Class 10 goods in light of the Board's disposition of the Class 5 goods. The Board refused, stating that an opposer must file an opposition to the registration in each class it seeks to oppose and pay the appropriate filing fee. The Board noted that the goods in Class 10 were not a part of the proceedings before it, and denied the request for reconsideration. This appeal followed.

DISCUSSION

Mr. Stoller argues that the application for registration should be denied in its entirety, arguing that his successful opposition for the Class 5 goods applies, through the doctrines of *res judicata* and collateral estoppel, to the class 10 goods. The Board had rejected this argument.

a.     *Res Judicata*

*Res judicata*, or claim preclusion, protects litigants from the burden of re-litigating an identical issue with the same party or the party's privy, and promotes judicial economy by preventing needless litigation. See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 328-329 (1970). This bar applies when the same parties attempt to re-litigate the same cause of action. See Parklane Hosiery Company, Inc. v. Shore, 439 U.S. 322 326 n.5 (1979) ("Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on

the same cause of action."); <u>Jet, Inc. v. Sewage Aeration Systems</u>, 223 F.3d 1360 (Fed. Cir. 2000) (quoting <u>Parklane</u>).

A dispute over the likelihood of confusion with respect to different classes of goods, on the one hand "therapeutic compound which is taken orally in either liquid or solid form and releases oxygen after consumption," and on the other "passive negative ion generators and hyperbaric oxygen chambers for therapeutic medical use," does not involve the same cause of action. <u>See</u> <u>Litton Industries, Inc. v. Litronix, Inc.</u>, 577 F.2d 709, 711 (CCPA 1978) ("This court has previously held that *res judicata* and collateral estoppel are not applicable where 'it is apparent that all the questions of fact and law involved . . . (in the second proceeding) were not determined in the previous proceedings.'") (quoting <u>Universal Overall Co. v. Stonecutter Mills Corp.</u>, 310 F.2d 952, 956 (CCPA 1962)).  Since the question of the likelihood of confusion as to the Class 10 goods presents a different question of fact from the likelihood of confusion as to the Class 5 goods, the doctrine of *res judicata* does not apply here.

### b.    *Collateral Estoppel*

Collateral estoppel applies to bar the re-litigation of an issue that has been fully litigated in a previous action. <u>Parklane</u>, 439 U.S. at 326 n.5 ("Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes re-litigation of issues actually litigated and necessary to the outcome of the first action.")  There are four requirements for the application of the doctrine of collateral estoppel: (1) identity of the issues in a prior proceeding; (2) the issues were actually litigated; (3) determination of the issues was

necessary to the resulting judgment; and, (4) the party defending against preclusion had a full and fair opportunity to litigate the issues.  See Montana v. United States, 440 U.S. 147, 153-55 (1979).

In this case, the issues have not been actually litigated, for the matter was resolved by Hyperstealth's withdrawal of its application as to the Class 5 goods.  We have held that a consent decree does not meet the criterion of actual litigation of the issue.  See Chromalloy American Corp. v. Kenneth Gordon (New Orleans), Ltd., 736 F.2d 694 (Fed. Cir. 1984) ("in this case, no issues were actually litigated in the civil action, that is, no issues were judicially resolved following a trial").  Since the issue to be decided was not actually litigated before the Board, collateral estoppel does not apply.

## CONCLUSION

Mr. Stoller duly filed an opposition to the registration in Class 5 of Hyperstealth's mark, and succeeded in that opposition when the applicant abandoned the Class 5 application.  Neither *res judicata* not collateral estoppel renders that result applicable to the registration of the same mark in Class 10, against which no opposition was filed.  The decision of the Board is affirmed.