NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ADONIS BERLE WHITBY,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

_____

2014-3057

_____

Petition for review of the Merit Systems Protection Board in No. DC-0842-13-0500-I-1.

_____

Decided: May 12, 2014

_____

ADONIS BERLE WHITBY, of Laurel, Maryland, pro se.

WILLIAM P. RAYEL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, BRYANT G. SNEE, Acting Director, and DEBORAH A. BYNUM, Assistant Director.

_____

Before LOURIE, LINN, and PROST, *Circuit Judges*.

PER CURIAM.

Adonis Berle Whitby ("Whitby") appeals from the final order of the Merit Systems Protection Board ("Board"), following the initial decision of the administrative judge ("AJ"), dismissing Whitby's appeal as barred by the doctrine of *res judicata*. Opinion, *Adonis Berle Whitby v. Office of Pers. Mgmt.*, Dkt. No. DC-0842-13-0500-I-1 (M.S.P.B. December 30, 2013) ("*Opinion*"). For the reasons that follow, we affirm.

## I. BACKGROUND

Whitby served in the military from June 4, 1967, to January 26, 1970, and again from October 5, 1976, to October 4, 1980. *Whitby v. Office of Pers. Mgmt.*, 417 Fed. App'x. 967, 969 (Fed. Cir. 2011). Whitby paid the necessary deposit for an annuity for his military service into the Federal Employees Retirement System ("FERS"). *Id.* He later served as a federal civilian employee under FERS from March 19, 1984, through April 9, 1993, and again from September 8, 2002, through December 20, 2007. *Id.*

Whitby has received treatment for post-traumatic stress disorder ("PTSD") since at least 2007. J.A. 44. A 2007 Veterans Affairs' ("VA") examination found that Whitby's PTSD symptoms "caused clinically significant distress or impairment in social, occupational, or other important areas of functioning." *Id.* at 46. A second VA examination in 2009 determined that Whitby's PTSD symptoms had been present since his service in the Vietnam War and that the symptoms were "daily and severe." *Id.* at 47. On December 19, 2011, the VA's Board of Veterans Appeals granted Whitby a 100 percent disability rating due to his PTSD. *Id.* at 50.

In January 2008, Whitby applied for retirement under FERS, but the Office of Personnel Management ("OPM")

denied that application on March 26, 2010. *Opinion* at 2. The OPM denied the application because retirement for the applicable time period was deemed to have been forfeited because in April 1993, Whitby submitted an application for a refund of his military deposit and his FERS annuity contributions up to that date. *Whitby*, 417 Fed. App'x. at 969. Payment of the refund results in "permanent forfeiture of any retirement rights that are based on the period(s) of service which the refund covers . . . ." *Id.* Whitby argued that his refund application was void due to errors in the application, that he did not understand that the refund was for his retirement annuity, and that he never received the refund check because he listed an incorrect street address on his request. *Id.* at 970–72. The OPM and the Board rejected each argument, and this court affirmed. *Id.* Whitby filed requests in November 2012 and April 2013 to reopen his Board appeal. The Board denied both requests. *Opinion* at 17.

On April 17, 2013, Whitby again appealed to the board. *Opinion* at 3. The AJ issued an order to show cause why the appeal should not be dismissed pursuant to *res judicata*. Whitby responded that the 2013 appeal was not based on the same cause of action and transactional facts as the earlier appeal because of new evidence that was not available at the time of his hearing. J.A. 35–36. Specifically, he argued that the AJ's credibility determination, concerning Whitby's contention that he did not receive the 1993 refund, should not have been made without the benefit of evidence of Whitby's PTSD and alleged OMP mistakes in 2013. J.A. 37–41. The AJ and the Board rejected Whitby's arguments, concluding that Whitby's arguments merely disputed the accuracy of the prior determination of the claim on the merits, rather than stating a new claim or demonstrating that the prior decision was not decided on the merits. *Opinion* at 4.

Whitby timely appealed to this court, where for the first time he argues that he was mentally incompetent in

1993 due to his PTSD and therefore that his refund application was null and void. Whitby also argues that the AJ's prior initial decision was made without knowledge of Whitby's PTSD or OPM's mistakes in 2012–13, and he further contends that the evidence of his PTSD and its effects on his mental state is new, was not available at the time of that hearing, and rendered him "mentally incompetent" to make an informed decision on his refund request. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## II. DISCUSSION

Our review of a decision by the Board is limited by statute. We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed. Cir. 1998). A decision is supported by "substantial evidence," where there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hathaway v. Merit Sys. Prot. Bd.*, 981 F.2d 1237, 1240 (Fed. Cir. 1992) (quoting *Bradley v. Veterans Admin.*, 900 F.2d 233, 234 (Fed. Cir. 1990)). Questions of law, however, are reviewed *de novo. Delong v. Dep't of Health and Human Servs.*, 264 F.3d 1334, 1338 (Fed. Cir. 2001).

The Board's decision to dismiss Whitby's appeal was based on the doctrine of *res judicata*, in which "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000) (quoting *Parklane Hosier Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). In effect, an earlier judgment forecloses litigation of a matter that never has been litigated if the claim should have

been raised in the earlier suit. *Id.* (quoting *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n.1 (1984)). Thus, a subsequent suit will be barred by *res judicata* if: "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." Those factors notwithstanding, however, the doctrine applies only if the litigant had a "full and fair opportunity" to litigate his case. *Poyner v. Murray*, 508 U.S. 931, 933 (1993).

Though there is no dispute that Whitby's prior appeal concerned the same parties and that there was an earlier final judgment on the merits of a claim regarding Whitby's application for retirement under FERS, Whitby disputes that the instant claim is based on the same transactional facts as the first. He argues that the AJ's credibility determination in the prior appeal should not have been made without knowledge of his PTSD in 1993 or without knowledge that the OPM is capable of making payment mistakes, such as those he alleges to have been made in 2012–13. Specifically, Whitby previously contended that though he made the refund request, he never received it. The AJ found that contention not credible because he did not inform the OPM of the alleged mistake until 2008, he had "detailed memory" of other checks he received from the government in the same time frame, and he generally had a "high level of sophistication." *Whitby*, 417 Fed. App'x. at 969–70. He argues that evidence of his PTSD and the OPM mistakes are new transactional facts that undermine the AJ's decision. He also argues to this court, for the first time, that his 1993 refund request was null and void because the effects of his PTSD rendered him mentally incompetent and therefore unable to make informed decisions.

*Res judicata* "forecloses matters that, although never litigated or even raised, could have been advanced in an earlier suit." *Carson v. Dep't of Energy*, 398 F.3d 1369,

1375 n.8 (Fed. Cir. 2005) (citing *Migra*, 465 U.S. 77 n.1). Evidence of Whitby's PTSD and its effects was available while the record was open during his prior appeal. Whitby has known since at least 2007 that his PTSD causes "significant distress" in "important areas of functioning." J.A. 44. He has known since at least 2009 that his PTSD symptoms had been present since his service in the Vietnam War, and thus would have existed in 1993, and that the symptoms were "daily and severe." J.A. 47. At the July 8, 2010 hearing during the initial appeal, the AJ agreed to leave open the record until July 15, 2010, "for the parties to submit additional documentary evidence." J.A. 21 n.1. Whitby could have submitted evidence concerning his PTSD during that time but did not. Though he was not rated 100% disabled by the VA until 2011, that rating itself is immaterial here because it reflected his condition in 2011 rather than 1993 when he submitted the refund application. The evidence relevant to his current argument, whether his PSTD rendered him mentally incompetent in 1993, was known and available to him during the time the record in the prior appeal was open.

Whitby cites to *Litton Indus., Inc. v. Litronix, Inc.*, 577 F.2d 709, 711 (C.C.P.A. 1978), for the proposition that "res judicata and collateral estoppel are not applicable where 'it is apparent that all the questions of fact and law involved . . . (in the second proceeding) were not determined in the previous proceedings.'" (quoting *Universal Overall Co. v. Stonecutter Mills Corp.*, 310 F.2d 952, 956 (C.C.P.A. 1962)). The "questions of fact and law" referenced by *Litton*, however, are the relevant transactional facts and the underlying claim. *Litton* does not hold that *res judicata* is avoided by simply raising new factual issues. Here, Whitby's current claim, that he is entitled to FERS retirement for the period covered by the refund that he requested, is the same as the claim that previously was adjudicated on the merits. To the extent Whitby is

attempting to argue a new claim that his refund request should be considered "voidable" based on "mental incompetence" related to his PTSD, that argument was not raised before the Board and will not be considered on appeal. We generally do not consider issues that were not raised in the proceedings below. *Oshiver v. Office of Pers. Mgt.,* 896 F.2d 540, 542 (Fed. Cir. 1990) (quoting *Rockwell v. Dep't of Transp.,* 789 F.2d 908, 913 (Fed. Cir. 1986) ("Our precedent clearly establishes the impropriety of seeking a reversal of the board's decision on the basis of assertions never presented to the presiding official or to the board."). Moreover, the argument and evidence could have and should have been raised during the prior appeal.

Whitby also contends that the Board should have reopened his 2010 appeal based on evidence of OPM's mishandling in 2012 of his retirement annuity. However, to justify reopening an appeal under Section 1201.115(d), the evidence must not only be "new," it must also be "material." New evidence is material only if it "'is of sufficient weight to warrant an outcome different from that of the initial decision.'" *Wright v. U.S. Postal Serv.,* 183 F.3d 1328, 1332 (Fed. Cir. 1999) (quoting *Bucci v. Dep't of Educ.,* 42 M.S.R.P 47, 55 (1989)). The Board has "broad discretion" in deciding whether to reopen an appeal. *Schaffer v. Merit Sys. Prot. Bd.,* 751 F.2d 1250, 1254 (Fed. Cir. 1985). We cannot find an abuse of that discretion here. Any mistakes OPM might have made in 2012 are not necessarily determinative of whether Whitby received his requested refund in 1993.

Whitby also contends that the Board has denied him due process in the prior appeal by conducting a hearing not longer than 15 minutes and by making credibility determinations without considering evidence of his PSTD or its effect on his mental capacity. Due process requires "a fair hearing on the merits" of a claim. *Cushman v. Shinseki,* 576 F.3d 1290, 1299 (Fed. Cir. 2009). Though he indicates that he believes the hearing was too short, he

does not contend that he was prevented from presenting any argument or evidence he desired to make. Significantly, Whitby made no attempt to raise the PTSD issue he now asserts at the hearing or afterward during the time that the AJ left open the record. On this record, there is no merit to Whitby's claim that the Board denied him due process.

### III. CONCLUSION

For the forgoing reasons, this court affirms the Board's dismissal of Whitby's appeal.

### AFFIRMED

### IV. COSTS

Each party shall bear its own costs.